UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND A. WILLIAMS #201665,

    Plaintiff,

v.

REBECCA HILEMAN,

    Defendant.
_____/

Hon. Halla Y. Jarbou

Case No. 1:24-cv-281

### REPORT AND RECOMMENDATION

This matter is before me on a Motion for Summary Judgment on the Basis of Exhaustion filed by Defendant Rebecca Hileman, R.N. (ECF No. 16.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court grant the motion and dismiss Plaintiff's amended complaint **without prejudice** for lack of exhaustion.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility, initiated this action on March 18, 2024, by filing a complaint against several MDOC employees alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at the Carson City Correctional Facility (DRF) and the G. Robert Cotton Correctional Facility (JCF). (ECF No. 1.) Plaintiff was directed to file an amended complaint on the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

custody. (ECF No. 4.) After Plaintiff filed his amended complaint, his claims against all other Defendants (all of whom were involved in the events at JCF) were severed from his claim against Defendant Hileman and transferred to a new case, leaving Hileman as the only Defendant in this matter. (ECF No. 6.)

Plaintiff alleges that on November 29, 2023, he was involved in a physical altercation with non-party Officer Malkowski at DRF. (ECF No. 5 at PageID.37.) Several officers came to Malkowski's aid to restrain Plaintiff. (*Id.*) While being restrained, Plaintiff "felt a snap/pop in [his] arm." (*Id.*) Plaintiff fell while officers were trying to take him to administrative segregation; two officers held Plaintiff while others got a restraint chair and "forced [Plaintiff] in it." (*Id.*) At some point, Defendant Hileman came to the holding cell, and Plaintiff told her that he thought his left arm was broken or dislocated. (*Id.*) Defendant Hileman checked Plaintiff's restraints and left without examining his arm or providing any medical care. (*Id.*) Later that week, Plaintiff was informed that his arm was broken. (*Id.*)

Defendant Hileman moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

2

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of her motion, Defendant attaches a Step III Grievance Report for Plaintiff dated April 22, 2024, which shows the grievances that Plaintiff pursued through Step III prior to initiating this action. (ECF No. 17-3.) The Step III report shows that Plaintiff pursued no grievance through Step III based on events that occurred at DRF after September 2021. (*Id.* at PageID.97.) Accordingly, Defendant Hileman has met her summary judgment burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing this action.

Therefore, I recommend that Plaintiff's claim against Defendant Hileman be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (ECF No. 16) be **granted,** and that Plaintiff's amended complaint be **dismissed without prejudice**.

Dated: August 28, 2024                             /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                       U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).