UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND WILLIAMS,

    Plaintiff,

v.

                                    Case No. 1:24-cv-281

REBECCA HILEMAN,                      Hon. Hala Y. Jarbou

    Defendant.
_____/

## ORDER

On August 28, 2024, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 23) recommending that the Court grant Defendant Rebecca Hileman's Motion for Summary Judgment. (ECF No. 16.) Before the Court is Plaintiff's objection to the R&R. (Pl.'s Obj., ECF No. 24.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a claim under 42 U.S.C. § 1983 alleging that Defendant deliberately deprived him medical care. (Am. Compl., ECF No. 5, PageID.38.) Plaintiff claims that Defendant deprived him care by not examining his left arm after he told her it was broken or dislocated. (*Id.*) Defendant then moved for summary judgment arguing that Plaintiff failed to exhaust his available administrative remedies prior to filing this § 1983 claim. Plaintiff did not respond to Defendant's summary

judgment motion. The R&R recommended that Defendant's motion be granted. (R&R 3.) The magistrate judge concluded that Plaintiff failed to exhaust all three steps of the MDOC grievance process. (*Id.*) Specifically, the magistrate judge found that Plaintiff failed to pursue his grievances through Step III. (*Id.*) Thus, the magistrate judge found that Plaintiff did not exhaust all available remedies. (*Id.*)

Because exhaustion is an affirmative defense, the burden rests with Defendant to show an administrative remedy is available to Plaintiff and Plaintiff failed to follow its procedures. Once Defendant has met her burden, the burden shifts to Plaintiff to show that the process was unavailable. *Ratliff v. Graves*, 761 F. App'x 565, 567 (6th Cir. 2019).

Here, the magistrate judge correctly found that Defendant met her burden of showing that Plaintiff did not exhaust all available remedies. (R&R 3.) Under the MDOC policy, Plaintiff had to pursue Step III grievances based on events that occurred after September 2021 before he filed this action. (ECF No. 17-2.) The record shows that Plaintiff pursued no grievances through Step III. (ECF No. 17-3.) Moreover, Plaintiff did not respond to Defendant's motion, thereby failing to meet his burden that the process was unavailable. As a result, it is not disputed that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).

Plaintiff now objects to the magistrate judge's R&R, arguing that Defendant did not meet her burden of proof of exhaustion of remedies. (ECF No. 24.) The Court disagrees. Defendant supported her motion for summary judgment by attaching a Step III Grievance Report for Plaintiff dated April 22, 2024. (ECF No. 17-3.) This report shows that Plaintiff pursued no grievance through Step III based on events that occurred after September 2021. (*Id.*, PageID.97.) Consequently, Defendant met her burden of proof, and the burden shifted to Plaintiff to create a

factual dispute or to show that the process was unavailable. But since he did not respond, he did not meet his burden. Thus, Defendant's motion for summary judgment will be granted.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 23) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this order.

Dated: September 25, 2024                     /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE